IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 05-1143-MLB |
| | ) | |
| GREG L. GRIMMETT; MARY E. GRIMMETT; COMMERCIAL CREDIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**JOURNAL ENTRY OF DEFAULT JUDGMENT AND FORECLOSURE**

Now on this 18th day of November, 2005, this matter comes before the Court for entry of judgment. The United States appears by Emily B. Metzger, Assistant United States Attorney for the District of Kansas. There are no other appearances.

The court, upon examining its files and pleadings therein, finds:

1. The Complaint in this action was filed on May 17, 2005. The Court has subject matter jurisdiction of this matter and jurisdiction over the parties and the real estate that is the subject of this action.

2. A Summons and a copy of the complaint were personally served on defendants Greg L. Grimmett and Mary E. Grimmett, on July 29, 2005, by the United States Marshal's Service. Service is hereby approved by the court.

3. The United States has caused to be published in *The Eureka Herald*, a weekly newspaper of general circulation in Greenwood County, Kansas, once a week for six consecutive weeks, a Notice of Suit directed to defendant Commercial Credit Corporation; said notice being in all respects in

compliance with the Federal Rules of Civil Procedure and sufficient to give due notice to such defendant.

4. The United States' Attorney's Office for the District of Kansas has accessed the Defense Manpower Data Center (DMDC) and was informed by the DMDC that the defendants Greg L. Grimmett and Mary E. Grimmett are not on active military duty within the purview of the Soldiers' and Sailors' Relief Act of 1940 as amended.

5. Defendants Greg L. Grimmett, Mary E. Grimmett and Commercial Credit Corporation have failed to answer or otherwise appear and are in default.

6. On or about March 5, 1993, defendants Greg L. Grimmett and Mary E. Grimmett executed and delivered to plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, a promissory note whereby they promised to pay the plaintiff the sum of $32,000.00 with interest thereon at 7.75 percent per annum. As consideration for the note, the plaintiff made a Rural Housing loan pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.).

7. Defendants Greg L. Grimmett and Mary E. Grimmett, to secure the payment of the Promissory Note described in paragraph 6 above, did on or about March 5, 1993, execute and deliver to the plaintiff a purchase-money security interest in the form of a real estate mortgage upon certain real estate in Greenwood County, Kansas, to wit:

> Lot One (1), Block Two (2), East Brook Addition to the City of Eureka and commencing at the Northeast corner of said Lot One (1) thence North 20 Feet; thence West 162.75 Feet thence South 20 Feet, Thence East 162.75 Feet to the place of beginning all being in East Brook Addition, City of Eureka, Greenwood County, Kansas.

The mortgage was recorded in the office of the Register of Deeds of Greenwood County, Kansas on March 15, 1993, and constitutes a first and prior lien on the aforedescribed property.

8. On November 3, 1998 (effective date October 5, 1998), the defendants Greg L. Grimmett and Mary E. Grimmett signed a reamortization agreement, wherein the reamortized amount (unpaid principal plus interest) became the principal debt of $32,066.08 at 7.75 percent per annum.

9. Plaintiff is the owner and holder of the promissory note, real estate mortgage and reamortization agreement described in paragraphs 6, 7, and 8, above.

10. The defendants Greg L. Grimmett and Mary E. Grimmett have failed to pay plaintiff installments of principal and interest when due in violation of the provisions of the note, mortgage reamortization agreement. The plaintiff has accelerated the indebtedness and made demand for payment in full. Payment has not been received.

11. Under the provisions of the promissory note, real estate mortgage and reamortization agreement, the plaintiff is owed a balance of $32,990.37 principal; $5,378.05 interest as of December 30, 2004, plus interest accruing thereafter at the daily rate of $6.9246.

12. No other action has been brought for the recovery of the balance due.

13. The plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq.

14. The interests of all of the defendants are junior and inferior to the interest of plaintiff.

15. Less than one-third (1/3) of the original indebtedness secured by the mortgages was paid prior to default.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the findings of this court are hereby made the order of this court.

IT IS FURTHER ORDERED that the United States is granted judgment against Greg L. Grimmett and Mary E. Grimmett in the principal sum of $32,990.37, plus accrued interest thereon in the sum of $5,378.05, as of December 30, 2004, plus interest accruing thereafter at the daily rate of $6.9246, to the date of the filing of this Journal Entry; plus administrative costs of $461.00, plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2), plus interest thereafter at the rate set forth in 28 U.S.C. § 1961, which is 4.35%, plus court costs and the costs of this action presently and in the future incurred.

IT IS FURTHER ORDERED that the United States is granted judgment foreclosing its mortgage on the real estate.

IT IS FURTHER ORDERED that in the event the judgment herein is not satisfied within ten (10) days of the filing of this journal entry, the Clerk shall, upon proper praecipe being filed by the United States, issue an order of sale on the judgment of foreclosure directing the United States Marshal to advertise and separately sell, with a three month right of redemption to defendants Greg L. Grimmett and Mary E. Grimmett, unless such redemption rights are extinguished by the court, subject to any unpaid real property taxes or special assessments, the real estate described herein at the front door of the Greenwood County Courthouse, Eureka, Kansas, as though taken on execution and without appraisal, and subject to the confirmation of the sale by the Court, and out of the proceeds of the sale of the real property, the Clerk shall pay and satisfy in the following order, as far as the same shall be sufficient:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The interest accruing on plaintiff's judgment against the defendants, Greg L. Grimmett and Mary E. Grimmett;

(4) Plaintiff's judgment against the defendants, Greg L. Grimmett and Mary E. Grimmett; and

(5) The balance, if any, be brought into this Court to await its further order.

IT IS FURTHER ORDERED that the real property being foreclosed upon and sold herein be sold with three months right of redemption in the defendants Greg L. Grimmett and Mary E. Grimmett, unless such rights are extinguished by the court.

The United States Marshal, at his option, may employ the services of an auctioneer. In the event the United States Marshal does employ the services of an auctioneer, the auctioneer shall be paid from the proceeds of the sale.

IT IS FURTHER BY THE COURT ORDERED that the United States Marshal for the District of Kansas, make and execute to the purchaser of the property at sale, a Certificate of Purchase. At the expiration of the three month redemption period, or upon extinguishment of the redemption rights granted herein, the United States Marshal for the District of Kansas, shall make and execute a good and sufficient Marshal's Deed for the property, and defendants herein, and all persons claiming by, through or under them, shall be forever barred and excluded of any and all right, title, estate, equity or interest in, claim to or lien upon or against the real estate or any part or portion thereof.

IT IS FURTHER ORDERED that the United States, should it be the successful bidder at the Marshal's Sale, may make payment through offset of its judgment and shall not be required to present cash unless its bid exceeds the amount of its judgment plus the interest due on the date of sale. In the event the bid of the United States exceeds the amount of its judgment plus the interest, it need only present cash for the excess thereof. A sale to the United States upon such payment shall be deemed a sale for cash.

IT IS FURTHER ORDERED that in the event any purchaser of the real estate is denied possession thereof, a writ of assistance, upon the filing of a proper praecipe therefor, shall issue out of this court, placing the purchaser in peaceable possession thereof.

s/Monti Belot
______________________________
MONTI L. BELOT
UNITED STATES DISTRICT JUDGE

APPROVED BY:

ERIC F. MELGREN
United States Attorney

**s/Emily B. Metzger**
EMILY B. METZGER, Ks.S.Ct.No. 10750
Assistant U.S. Attorney
1200 Epic Center, 301 N. Main
Wichita, KS 67202
(316) 269-6481
(316) 269-6484 (FAX)
emily.metzger@usdoj.gov